# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| UNITED STATES OF AMERICA | PLAINTIFF |
|---|---|
| v. | CRIMINAL ACTION NO. 3:10-CR-51-CRS |
| Jason HOWARD | DEFENDANT |

## MEMORANDUM OPINION

I.  **Introduction**

This case is before the Court on Jason Howard's motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255, DN 1085, the Findings, Conclusions, and Recommendation of Magistrate Judge Lanny King on that motion, DN 1140, and objections filed thereto, DN 1144. In his motion, Howard argues his counsel was ineffective because counsel did not investigate or argue how Howard's post-offense rehabilitation should be considered by the Court. Finding that Howard's counsel and the Court were permitted to address only limited issues on resentencing (and thus counsel was not ineffective for failing to raise others), the Court will deny the motion and accept and adopt the report of the magistrate.

II.  **Factual Background and Procedural History**

From December 2008 to May 2010, Howard was involved with the McCarthy drug ring in Louisville, Kentucky. In that scheme, hundreds of kilograms of cocaine were imported and distributed into the community. After an investigation, Howard was arrested and his home was searched. A grand jury returned a superseding indictment that charged Howard with three counts: (1) conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846; (2) possessing cocaine with the intent to distribute in violation of 18 U.S.C. § 841(a)(1); and (3)

1

money laundering in violation of 18 U.S.C. § 1956(a)(1). DN 156. In August 2011, Howard pleaded guilty to all three counts. DN 404.

At sentencing, this Court found Howard's total offense level was 43 and criminal history was III. As a result, he faced a Guidelines range with a minimum of life in prison. Believing a life sentence to be inappropriately harsh for Howard's crimes, this Court varied downward and sentenced Howard to 360 months' imprisonment. DN 572 at 114; DN 566. Howard appealed. The Sixth Circuit affirmed in part, reversed in part, and remanded for resentencing. *United States v. Howard*, 570 F. App'x 478, 479 (6th Cir. 2014). Specifically, the Sixth Circuit found that this Court had erred in refusing to grant a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). *Id.* at 483–84.

For resentencing, the parties and this Court agreed that Howard should receive the three-point reduction for acceptance of responsibility and an additional two-point reduction under Amendment 782 to the Sentencing Guidelines. This resulted in a new total offense level of 38 with a criminal history of III and a resulting Guidelines range of 292 to 365 months' imprisonment. This Court then sentenced Howard to 292 months' imprisonment followed by five years of supervised release. DN 982. Howard appealed the new sentence to the Sixth Circuit, which affirmed. *United States v. Howard*, 645 F. App'x 459, 461 (6th Cir. 2016).

Shortly thereafter, Howard filed his motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255, DN 1085, followed by a memorandum in support, DN 1089. The United States responded. DN 1097. Howard replied. DN 1101. The matter was referred to Magistrate Judge Colin Lindsay and subsequently reassigned to Magistrate Judge Lanny King. DNs 1088, 1139. The magistrate filed his Findings, Conclusions, and Recommendation, recommending that the § 2255 motion be denied. DN 1140. Howard filed objections. DN 1144.

**III.     Legal Standard**

The Court makes a *de novo* determination of the proposed findings or recommendations of the magistrate to which the parties have objected. 28 U.S.C. § 636(b)(1); F. R. Crim. P. 59; F. R. Civ. P. 72. To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985).

**IV.     Discussion**

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Howard argues that he is entitled to relief under § 2255 because his right to effective assistance of counsel at resentencing was violated when his counsel failed to investigate and argue Howard's entitlement to a downward sentence variance based on post-offense rehabilitative efforts.

**A.     Ineffective Assistance of Counsel**

The basic contours of ineffective assistance of counsel claims are well-defined. To prevail on a claim that he was denied effective assistance, Howard must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he must demonstrate: (1) counsel made errors so serious and deficient compared to prevailing professional norms that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id*. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance." *Id*. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

It is clear that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States*, 562 U.S. 476, 490 (2011). However, the Court was also clear that *Pepper* did not "preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." *Id.* at 505, n. 17.

The Sixth Circuit has recently explained that "a limited remand 'explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate.'" *United States v. Richardson*, 906 F.3d 417, 422 (6th Cir. 2018) (quoting *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)). "[T]he scope of the remand issued by the court of appeals binds the district court" which is "without jurisdiction to modify or change the mandate." *Id*. (citations omitted). "A remand is presumptively general" but can be limited when the court of appeals "convey[s] clearly our intent to limit the scope of the district court's review with language that is in effect, unmistakable." *Id.* (quoting *United States v. Woodside*, 895 F.3d 894, 899 (6th Cir. 2018)). In determining if a remand is limited, courts consider limiting language anywhere in an opinion or order within the context of the entire opinion. *Id.*

Here, simplifying the issue, the Sixth Circuit had the opportunity to characterize its own remand once the resentencing was appealed:

> Here, we remanded the case "for resentencing so that the district court may readdress the acceptance of responsibility reduction." *Howard*, 570 F. App'x at 484. This language expressly limited the scope of the resentencing hearing. *See, e.g., United States v. O'Dell*, 320 F.3d 674, 680-81 (6th Cir. 2003) (holding there was a limited mandate when previous appellate order remanded to the district court for "resentencing without application of the safety valve"). Because this was a limited remand, the district court was not required to "begin anew" when it resentenced Howard. [*United States v. Garcia-Robles*, 640 F.3d 159, 166 (6th Cir. 2011)].

*Howard*, 645 F. App'x at 464. This reality was recognized by the Court during resentencing. DN 985 at 2 (referring to "the Court of Appeals' limited remand"). Therefore, the remand was limited to the specific issue regarding acceptance of responsibility and it would have been improper for this Court to reconsider other issues.

Howard argues that counsel would still have been deficient, despite the Sixth Circuit's limited remand, because the district court would still be required to consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). It is true that district courts are required to consider the § 3553(a) factors "at a defendant's initial sentencing and at any subsequent resentencing after a sentence has been set aside on appeal." *Pepper*, 562 U.S. at 490. However, an appellate court may still issue a "limited remand" which forbids the reconsideration of some factors. *See United States v. Ambrose*, 564 F. App'x 184, 190 (6th Cir. 2014) (rejecting "the proposition that all cases implicating § 3553(a) are subject to general remands"); *United States v. Clark*, 388 F. App'x 513, 519–20 (6th Cir. 2010) (directing the district court that "there is no need to revisit § 3553(a) on remand"); *United States v. Clark*, 225 F. App'x 376, 380–81 (6th Cir. 2007) (on limited remand the district court was "not required to" consider mitigation evidence under § 3553(a)). As a result, it is impossible to say that counsel acted ineffectively by declining to raise arguments that the Court could not have considered.

5

Regardless, on remand this Court indicated that it would consider the § 3553(a) factors in the context of the limited resentencing and discussed the Court's analysis of those factors from the bench. DN 985 at 5–7. The Court was knowledgeable about the underlying crime and the defendant and gave Howard the opportunity to allocute. Therefore, even assuming *arguendo* that Howard's counsel was deficient in failing to raise arguments foreclosed by the Sixth Circuit, it is unlikely that Howard was prejudiced. *See Bailey v. United States*, No. 4:15-CV-1226-ERW, 2018 WL 1317128, at *3 (E.D. Mo. March 14, 2018) (no prejudice existed when counsel failed to make mention of post-conviction rehabilitation, but some of those efforts were included in a letter filed with the Court and the petitioner was given the opportunity to allocute).

### B. Certificate of Appealability

To obtain a certificate of appealability, Howard must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In other words, Howard "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The magistrate concluded, and this Court agrees, that no reasonable jurists would find it debatable that Howard's ineffective assistance of counsel claim is without merit.

## V. Conclusion

It does not appear that Howard's counsel acted ineffectively. Counsel and the Court operated within the limited remand ordered by the Sixth Circuit. In that remand, the Court permitted Howard to allocute and considered all relevant factors. Therefore, the Court will deny Howard's motion to vacate, set aside, or correct his sentence, adopt the report of the magistrate, and overrule the objections thereto.

A separate order will be entered in accordance with this opinion.

January 28, 2019

6

Charles R. Simpson III, Senior Judge
United States District Court